PER CURIAM.
Defendant challenges the denial of a petition for habeas corpus filed with the trial court. We affirm the lower court’s ruling based on the reasons discussed below.
Defendant filed a timely rule 3.850 motion with four claims, which was summarily denied on October 9, 2006. Thereafter, he filed a motion for rehearing which was apparently lost or misplaced by prison officials and not received by the trial court until 2009. Notwithstanding the possible untimeliness, the trial court considered the motion for rehearing on the merits and denied it. Defendant appealed the denial of the rule 3.850 motion, and we per cu-riam affirmed. See Carrasco v. State, 35 So.3d 36 (Fla. 4th DCA 2010).
In August of 2010, defendant filed the instant habeas petition with the trial court. In it, he alleged that the trial court failed to address five additional claims which he raised in a supplement to his original rule 3.850 motion. Defendant claimed that the supplement had been timely filed prior to the trial court’s order denying the motion for postconviction relief, but allegedly misplaced or lost by prison officials. He argued that the court was required to consider the additional claims since they were timely under the “mailbox rule.”
We disagree with defendant’s position. Defendant was aware that the trial court’s final order, entered in 2006, did not address the supplemental claims. Nevertheless, he made no mention of any additional claims in his 2006 motion for rehearing. Moreover, defendant failed to mention the *901 supplemental claims in the initial brief on his appeal or even in the motion for rehearing from our affirmance. Instead, defendant waited until four years after the original motion was denied before notifying the court about the existence of the supplemental claims. Consequently, we find that defendant abandoned the supplemental issues by failing to include them in his motion for rehearing or in any of the subsequent motions filed related to his rule 3.850 motion. See Doorbal v. State, 983 So.2d 464, 482-83 (Fla.2008) (noting that claims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived); see also Baker v. State, 878 So.2d 1236, 1241 (Fla.2004) (explaining that a habeas cannot be used as a means to seek a second appeal or to litigate issues which could have been raised in a rule 3.850 motion).

Affirmed.

WARNER, GERBER and CONNER, JJ., concur.